# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1475V

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| DEVON ANDERSON, | Chief Special Master Corcoran |
| Petitioner, | Filed: May 29, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Simina Vourlis*, Law Offices of Simina Vourlis, Columbus, OH, for Petitioner.

*Dorian Hurley*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 11, 2022, Devon Anderson filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered immune thrombocytopenic purpura and its sequelae due to a tetanus-diphtheria-acellular pertussis vaccine he received on September 10, 2021. Petition (ECF No. 1) at 1. The parties successfully settled the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Apr. 9, 2025 (ECF No. 50).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Apr. 3, 2025 (ECF No. 48) ("Mot."). This is Petitioner's sole such request. Petitioner requests attorney's fees and costs relating to the work performed by attorney Simina Vourlis. Mot.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the national Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

at 1, 5. Petitioner requests a total of $98,635.60 (reflecting $35,674.30 in attorney's fees, plus $62,961.30 in costs). *Id.* at 5. Respondent reacted to the fees request on April 24, 2025. Response, dated Apr. 24, 2025 (ECF No. 52) ("Resp."). Although Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, he nonetheless scrutinizes the requested costs of Petitioner's expert, Dr. Omid Akbari—maintaining that the hourly rate and/or number of hours billed by Dr. Akbari may be excessive. Resp. at 5–6, 8. Otherwise, Respondent proposes that I exercise my discretion when determining a reasonable award for attorney's fees and costs. *Id.* at 9. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$85,105.60**.

**I.        Calculation of Fees**

Because Petitioner's claim was successful, he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for the attorney and support staff who appeared for his in this matter, based on the years work was performed:

|  | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|
| **Simina Vourlis (Attorney)** | $491.00 | $505.00 | $533.00 | $553.00 | $575.00 |
| **Paralegal** | -- | $172.00 | $182.00 | -- | -- |

ECF No. 48-1 at 1–14.

Ms. Vourlis practices in Columbus, OH—a jurisdiction that has been deemed "in forum." Accordingly, she is entitled to the forum rates established in *McCulloch*. *See Jones v. Sec'y of Health & Human Servs.*, No. 13-279V, 2016 WL 7233938 (Fed. Cl. Spec. Mstr. Nov. 18, 2016). The rates requested for Ms. Vourlis (including newly requested 2025 rates) are also consistent with what has previously been awarded for her work, in accordance with the Office of Special Masters' fee schedule.[3] *Yawn v. Sec'y of Health & Hum. Servs.*, No. 23-1964V, 2025 WL 1089636 (Fed. Cl. Spec. Mstr. Mar. 3, 2025). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested.

## II. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $62,961.30 in outstanding costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of two experts—David Axelrod, M.D., and Omid Akbari, Ph.D. Mot. at 5; Ex. 156 (ECF No. 48-4) at 1. Dr. Axelrod prepared four written reports in this matter and submitted invoices reflecting a total of $7,900.00 (billing at an hourly rate of $400.00) charged to the matter. Ex. 156 at 5–8. This rate is acceptable, and I deem the work performed by Dr. Axelrod to have been reasonable in amount. I will therefore grant this cost element in its entirety.

Dr. Akbari prepared three written reports in this matter and submitted invoices reflecting a total of $54,120.00 (at an hourly rate of $550.00 for 98.4 hours of work), with a retainer fee of $7,500.00. ECF No. 48-5 at 1–7. Although the requested hourly rate is reasonable, this sum greatly exceeds what would be an appropriate amount of work for a case like this—which was not only settled but featured two experts, and where counsel's own fees were lesser. It is evident that Dr. Akbari performed far more work on the matter than was justified. In addition, Dr. Akbari has been criticized on several different occasions for his excessive billing practices. *Efron v. Sec'y of Health & Hum. Servs.*, No. 20-1405V, slip op. at 5 (Fed. Cl. Spec. Mstr. Apr. 11, 2025). Therefore, in the

---

[3] OSM Attorney's Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited May 29, 2025).

interests of rough justice, and in a desire not to make fees and costs determinations a separately-litigated matter, I will apply an across-the-board reduction of twenty-five percent, reducing the sum to be awarded herein for Dr. Akbari's work to $33,090.00.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs. Petitioner is awarded a total amount of **$85,105.60**, reflecting $35,674.30 in attorney's fees and $49,431.30 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the Decision.[4]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.