# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1475V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| | \* | |
| DEVON ANDERSON, | \* | Chief Special Master Corcoran |
| | \* | |
| Petitioner, | \* | Filed:  April 9, 2025 |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Simina Vourlis*, Law Offices of Simina Vourlis, Columbus, OH, for Petitioner.

*Dorian Hurley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 11, 2022, Devon Anderson filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"). [2] Petitioner alleges that he suffered immune thrombocytopenic purpura ("ITP") and its sequelae, caused-in-fact by a tetanus diphtheria acellular pertussis ("Tdap") vaccination he received on September 10, 2021. Petition (ECF No. 1) at 1. Moreover, Petitioner alleges that he suffered the residual effects of this injury for more than six months.

Respondent denies that the Tdap vaccine caused Petitioner's alleged ITP or its residual effects, or any other injury or condition; denies that Petitioner suffered the residual effects of his alleged injury for more than six months; and denies that Petitioner's current condition is a sequela of a vaccine-related injury. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on April 7, 2025) that the issues before them could be

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum payment of **$13,000.00** to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

DEVON ANDERSON,

          Petitioner.

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

          Respondent.

No. 22-1475V
Chief Special Master Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Devon Anderson ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a tetanus diphtheria acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a)

2. Petitioner received a Tdap vaccine on September 10, 2021.

3. The vaccine was administered within the United States.

4. Petitioner alleges that petitioner suffered immune thrombocytopenic purpura ("ITP") and its sequelae that were caused-in-fact by the Tdap vaccine. Petitioner further alleges that petitioner suffered the residual effects of the alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on petitioner's behalf as a result of the alleged injury.

6. Respondent denies that the Tdap vaccine caused petitioner's alleged ITP or its residual effects, or any other injury or condition; denies that petitioner suffered the residual effects of his alleged injury for more than six months; and denies that petitioner's current condition is a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment for all damages that would be available under 42 U.S.C. § 300aa-15(a):

> A lump sum payment of **$13,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies,

2

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Tdap vaccination administered on September 10, 2021, as alleged in a petition for vaccine compensation filed on or about October 11, 2022, in the United States Court of Federal Claims as petition No. 22-1475V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused petitioner to develop ITP or any other injury or condition; that petitioner suffered the residual effects of his alleged injury for more than six months; or that petitioner's current condition is a sequela of a vaccine-related injury.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

4

Respectfully submitted,

PETITIONER:

DEVON ANDERSON

ATTORNEY OF RECORD FOR
PETITIONER:

SIMINA VOURLIS
The Law Office of Simina Vourlis
856 Pullman Way
Columbus, OH 43212
Telephone: (614)487.590
Email: svourlis@vourlislaw.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

**Jeffrey S.** Digitally signed by
Jeffrey S. Beach -S
**Beach -S** Date: 2025.03.13
10:56:34 -04'00'    for

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08W-25A
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

DORIAN HURLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Phone: (202) 353-7751
Email: dorian.hurley@usdoj.gov

Dated: 4/7/2025

5